JACOBS *v.* DAVIS *et al.*

*(Supreme Court, General Term, First Department.* November 13, 1891.)

FORECLOSURE OF MORTGAGES—DISTRIBUTION OF SURPLUS—EVIDENCE.

The deed to an undivided half of certain land recited that the whole had been bought by the grantor for the consideration of a certain cash payment, and the assumption of the mortgages on it, and it set forth an agreement that he and the grantee, who had furnished a part of the cash, should share equally in the profits of the investment, save that the grantor should be reimbursed his cash payment out of the rents and profits. These he was given the right to collect, and they were to be applied also to the payment of the interest and installments on the mortgages. One of the mortgages was foreclosed, and the premises sold, leaving a surplus after payment of the debt; and a reference was ordered to determine the rights of the grantor and grantee therein. On the reference, one of the grantor's witnesses testified that he had collected rents and paid them to him, and had made disbursements, but that a balance remained in the grantor's hands unaccounted for. On the grantor's motion, this evidence was stricken out. *Held,* that this was error, for the grantee had a right to show that the grantor was fully reimbursed his advance on the purchase money, so that the surplus should be divided between them under the agreement.

Appeal from special term, New York county.

This suit was brought by Pauline Jacobs against Lena Davis and Abraham Greenberg and his wife for the foreclosure of a mortgage. After sale of the

premises and payment of the mortgage debt a surplus remained, and a reference was ordered to determine the rights of defendants thereto. The referee reported that defendant Davis was entitled to the whole of this surplus, and from an order confirming his report defendants Greenberg and wife appeal. Order reversed.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Adolph Cohen*, for appellants. *Samuel Cohn*, for respondent.

VAN BRUNT, P. J. The surplus in question arises upon a sale of certain premises in Forsyth street, in the city of New York, under a decree of foreclosure in this action. By deed dated the 12th of July, 1889, apparently executed, however, on the 16th of said July, the appellant and wife conveyed the premises in question, subject to $32,000 in mortgages, to the respondent, Lena Davis, the consideration named in the deed being the sum of $39,000. By deed dated on said 16th of July said respondent conveyed to the appellant Greenberg, subject to the same mortgages, an undivided half of said premises, the consideration named being $1. The latter conveyance, however, was stated upon its face to be upon the following understanding and agreement, viz.: That whereas, the respondent had purchased the premises for the sum of $37,000, $5,000 being paid in cash and $32,000 subject to mortgages; and whereas, the respondent had paid $4,999 of the $5,000, and the appellant had paid $1; and whereas, it had been mutually agreed that the said parties should share in the profits realized by the investment equally, and that the respondent should not claim, because of her excess of investment, more than the amount invested as should be made by her in and about the premises and one-half of the surplus, and that all the rents and profits of the premises should be subject to the payment of the interest and installments of said mortgage, and the taxes, insurance, and repairs of the premises, and the surplus, if any, applied to the payment of the principal of the third mortgage,—the respondent should have the absolute right to collect all the rents of the property, and apply the same as above stated. A restriction upon alienation was placed upon both parties, and a provision was made that, in case either should convey his interest in the premises, or institute or cause to be instituted any proceedings at law looking to a sale, either party should have the option to consider that the party offending had contracted to purchase the entire premises for the sum of $39,000. These deeds were recorded together. One of the mortgages referred to in these deeds having been foreclosed, the surplus arose in respect to which this proceeding is taken. The counsel for the appellant before the referee does not seem to have had a very well defined idea as to how he was to reach the surplus which had arisen upon the foreclosure of this mortgage. If he claimed to consider, under the terms of the agreement above mentioned, the respondent to be the purchaser of the premises at $39,000, it was clear that he could have no claim upon the surplus, because the respondent would be entitled to receive the same as purchaser. This, however, seems to have been the claim urged before the referee by the appellant in the first stages of this reference. Upon this claim being ruled out by the referee, the counsel for the appellant claimed the right in this proceeding to an account of the rents and profits which the respondent had received, it being proven that she had collected the rents, and that, after the respondent should be reimbursed for the advances which she had made, he was entitled to share in whatever profits might be realized from the adventure. The referee in the first instance refused to take this account, but finally changed his ruling, and notified the attorneys for the respective claimants of this fact, and some evidence was taken bearing upon this issue. Among other evidence, the respondent swore a witness, who testified that a large amount of rents had been collected by him as agent for the respondent, and paid over to her, and also that certain disbursements had been made, and

that there was a balance to a considerable amount which had been received, and had been unaccounted for by the respondent. Upon the termination of the examination of this witness, the counsel for the respondent stated that he withdrew the account which this witness had presented, and that he did not offer any evidence in regard to the accounts at all. The counsel for the appellant objected to this withdrawal, which objection was overruled, and a motion to strike out the evidence of the witness was granted by the referee, to which ruling the appellant excepted. It seems to us that this was clearly error. The most that could be said in favor of the respondent was that she was mortgagee in possession, entitled to receive the rents, etc., until her debt was paid. The appellant had a right to show that she had been fully reimbursed out of the rents received for the amount advanced on the purchase money as recited in the deed last above named, and, whatever surplus might remain after such reimbursement, the appellant was entitled to claim the half thereof according to the agreement which had been entered into between these parties at the time the respondent conveyed the one-half of the premises to the appellant. Upon the record the appellant was the owner of one-half of these premises over and above the mortgages, and subject to the equitable lien which the respondent had for reimbursement, as mentioned in the deed from her to the appellant. We think, therefore, that the referee erred in allowing this testimony to be stricken out, and that the appellant had a right to show that the respondent had been reimbursed, and to recover out of this surplus the half of that which remained. The order should be reversed, and a new order of reference made, to ascertain the amount of appellant's claim upon such surplus moneys; costs of this appeal to abide the final event. All concur.